# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CHRISTINA MCLEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 2:12-cv-00337 |
| PORTFOLIO RECOVERY ASSOCIATES, | ) |
| LLC, ANITA BRAY, AND MORGAN & | ) |
| POTTINGER, PSC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW** defendants Portfolio Recovery Associates, LLC ("PRA") and Anita Bray ("Bray") (collectively, "Defendants") by and through their undersigned counsel, specifically reserving their right to seek arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 1 *et seq.*, and for their Answer to the complaint ("Complaint") of plaintiff Christina McLemore ("Plaintiff"), state as follows:

## JURISDICTION AND VENUE

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit that the statutes referenced therein confer jurisdiction but deny that jurisdiction is appropriate as to Defendants because they have not violated any law.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but deny that they violated any law and any other allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, Defendants admit that venue is proper in this Court and deny all remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

2031833 v1
Case 2:12-cv-00337 Document 7 Filed 09/17/12 Page 1 of 17 PageID #: 65

## PARTIES

4. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

5. To the extent the allegations contained in Paragraph 5 call for a legal conclusion, no response is required. As to the remaining allegations, Defendants admit that PRA at times may be deemed a "debt collector" as defined by the FDCPA. However, Defendants are without sufficient knowledge or information to admit or deny whether it was a "debt collector" with respect to Plaintiff, and therefore deny the same and demand strict proof thereof. Defendants admit that PRA may be served in Tennessee at the address of its registered agent, National Registered Agents, Inc.

6. Defendants admit that Bray is a natural person employed by PRA. The remaining allegations contained in Paragraph 6 call for a legal conclusion and, therefore, no response is required. To the extent the remaining allegations of Paragraph 6 do not contain a legal conclusion, and except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

7. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

## FACTUAL ALLEGATIONS

8. Defendants admit that PRA contends that Plaintiff has incurred an obligation that was due and owing to PRA. The remaining allegations contained in Paragraph 8 call for a legal conclusion and, therefore, no response is required. To the extent the remaining allegations of Paragraph 8 do not contain a legal conclusion, and except as expressly admitted herein,

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

9. Defendants admit that the subject obligation owed by Plaintiff was assigned to PRA prior to August 15, 2011. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 9 and demand strict proof thereof.

*August 29, 2011 Collection Letter*

10. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

11. Defendants have insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

*August 15, 2011 Collection Lawsuit*

12. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 12 and demand strict proof thereof.

13. The allegations contained in Paragraph 13 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 13 do not contain a legal conclusion, Defendants deny the allegations contained in Paragraph 13 of Plaintiff's complaint and demand strict proof thereof.

14. The allegations contained in Paragraph 14 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 14 do not contain a

legal conclusion, Defendants deny the allegations contained in Paragraph 14 of Plaintiff's complaint and demand strict proof thereof.

15. *See* Defendants' Motion to Strike (filed herewith).

16. The allegations contained in Paragraph 16 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff and deny all remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17. The allegations contained in Paragraph 17 call for a legal conclusion, are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff and deny all remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 20 and demand strict proof thereof.

21. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 21 and demand strict proof thereof.

22. *See* Defendants' Motion to Strike (filed herewith).

23. *See* Defendants' Motion to Strike (filed herewith).

24. *See* Defendants' Motion to Strike (filed herewith).

25. *See* Defendants' Motion to Strike (filed herewith).

26. *See* Defendants' Motion to Strike (filed herewith).

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28. Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff and deny all remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29. *See* Defendants' Motion to Strike (filed herewith).

30. *See* Defendants' Motion to Strike (filed herewith).

31. *See* Defendants' Motion to Strike (filed herewith).

32. The allegations contained in Paragraph 32 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 32 do not contain a legal conclusion, Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and that the Civil Warrant speaks for itself and deny all remaining allegations.

33. The allegations contained in Paragraph 33 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 33 do not contain a legal conclusion, Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34. Defendants state that Webster's Dictionary speaks for itself and deny any characterization or representation inconsistent with same.

35. Paragraph 35 contains allegations to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 35 of Plaintiff's complaint and demand strict proof thereof.

36. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and that the Civil Warrant speaks for itself and deny all remaining allegations.

37. Defendants deny the allegations set forth in Paragraph 37 of Plaintiff's Complaint and demand strict proof thereof.

*Use of False, Deceptive and Misleading Warrant to Collect Debt*

38. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the averments of Paragraph 38 and demand strict proof thereof.

39. Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint and demand strict proof thereof.

40. The allegations contained in Paragraph 40 call for a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 40 and demand strict proof thereof.

41. The allegations contained in Paragraph 41 are nonsensical as written and Defendants are not required to respond. To the extent a responses is required, Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint and demand strict proof thereof.

42. Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

43. Defendants deny the allegations set forth in Paragraph 43 of Plaintiff's Complaint and demand strict proof thereof.

44. Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint and demand strict proof thereof.

45. Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint and demand strict proof thereof.

46. Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint and demand strict proof thereof.

*Use of False, Deceptive, and Misleading Affidavit of Account to Collect Debt*

47. Defendants state that Tenn. Code Ann. § 24-5-107(a) speaks for itself and Defendants deny any characterization or representation inconsistent with same.

48. Defendants state that Bray's Affidavit speaks for itself and Defendants deny any characterizations of the Affidavit that are inconsistent with the Affidavit itself.

49. The allegations contained in Paragraph 49 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit

7

filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

50. The allegations contained in Paragraph 50 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

51. The allegations contained in Paragraph 51 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

52. The allegations contained in Paragraph 52 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

53. Defendants admit Bray's Affidavit speaks for itself and deny all remaining allegations.

54. *See* Defendants' Motion to Strike (filed herewith).

55. The allegations contained in Paragraph 55 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a

response is required, Defendants deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint and demand strict proof thereof.

56. Defendants deny the allegations set forth in Paragraph 56 of Plaintiff's Complaint and demand strict proof thereof.

57. Defendants state that Bray's Affidavit speaks for itself and Defendants deny any characterizations of the Affidavit that are inconsistent with the Affidavit itself.

58. Defendants deny the allegations set forth in Paragraph 58 of Plaintiff's Complaint and demand strict proof thereof.

59. Defendants deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint and demand strict proof thereof.

60. Defendants deny the allegations set forth in Paragraph 60 of Plaintiff's Complaint and demand strict proof thereof.

61. Defendants deny the allegations set forth in Paragraph 61 of Plaintiff's Complaint and demand strict proof thereof.

62. *See* Defendants' Motion to Strike (filed herewith).

63. *See* Defendants' Motion to Strike (filed herewith).

64. Defendants deny the allegations set forth in Paragraph 64 of Plaintiff's Complaint and demand strict proof thereof.

65. Defendants deny the allegations set forth in Paragraph 65 of Plaintiff's Complaint and demand strict proof thereof.

66. Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

67. The allegations contained in Paragraph 67 are argumentative and irrelevant to Plaintiff's claims and, therefore, do not require a response from Defendants. To the extent a response is required, Defendants admit that PRA obtained the information needed for the lawsuit filed on behalf of PRA against Plaintiff, that Bray's Affidavit speaks for itself and deny all remaining allegations.

68. Defendants deny the allegations set forth in Paragraph 68 of Plaintiff's Complaint and demand strict proof thereof.

69. Defendants deny the allegations set forth in Paragraph 69 of Plaintiff's Complaint and demand strict proof thereof.

*Failure To Include § 1692e(11) Language In Initial or Subsequent Communication*

70. Defendants admit that the FDCPA speaks for itself and denies all remaining allegations.

71. Defendants admit that the FDCPA speaks for itself and denies all remaining allegations.

72. The allegations contained in Paragraph 72 call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 72 do not contain a legal conclusion, Defendants admit that the Civil Warrant speaks for itself and deny all remaining allegations.

73. Defendants admit that Bray's Affidavit speaks for itself and deny all remaining allegations.

74. The allegations contained in Paragraph 74 contain a hypothetical that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 74 and demand strict proof thereof.

75. The allegations contained in Paragraph 75 contain a hypothetical that does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 75 and demand strict proof thereof.

***Debt Collection, Collection Service Activity and Filing of a Collection Lawsuit By Defendant Without Required Disclosures***

76. Defendants state that Tenn. Code Ann. § 62-20-127(a) speaks for itself and deny any characterization or representation inconsistent with same.

77. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 77, incorrectly numbered Paragraph 89 in Plaintiff's Complaint, and demand strict proof thereof.

78. Defendants deny the allegations set forth in Paragraph 78, incorrectly numbered Paragraph 90 of Plaintiff's Complaint, and demand strict proof thereof.

79. Defendants deny the allegations set forth in Paragraph 79, incorrectly numbered Paragraph 91 of Plaintiff's Complaint, and demand strict proof thereof.

80. Defendants admit that a lawsuit was filed on behalf of PRA against Plaintiff in the General Sessions Court of Sullivan County, Tennessee, and admit that the Civil Warrant speaks for itself. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 80, incorrectly numbered Paragraph 92 of Plaintiff's Complaint, and demand strict proof thereof.

***Illegal Debt Collection, Collection Service Conduct by Defendants Caused Plaintiff to Suffer Actual Damages***

81. Defendants deny the allegations set forth in Paragraph 81, incorrectly numbered Paragraph 93 of Plaintiff's Complaint, and demand strict proof thereof.

82. Defendants deny the allegations set forth in Paragraph 82, incorrectly numbered Paragraph 94 of Plaintiff's Complaint, and demand strict proof thereof.

83. Defendants deny the allegations set forth in Paragraph 83, incorrectly numbered Paragraph 95 of Plaintiff's Complaint, and demand strict proof thereof.

*Summary*

84. Defendants deny the allegations set forth in Paragraph 84, incorrectly numbered Paragraph 96 of Plaintiff's Complaint, and demand strict proof thereof.

*Respondeat Superior Liability*

85. The allegations contained in Paragraph 85, incorrectly numbered Paragraph 97 of Plaintiff's Complaint, call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 85 do not contain a legal conclusion, Defendants deny the allegations contained in Paragraph 85 of Plaintiff's complaint and demand strict proof thereof.

86. The allegations contained in Paragraph 86, incorrectly numbered Paragraph 98 of Plaintiff's Complaint, call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 86 do not contain a legal conclusion, Defendants deny the allegations contained in Paragraph 86 of Plaintiff's complaint and demand strict proof thereof.

87. The allegations contained in Paragraph 87, incorrectly numbered Paragraph 99 of Plaintiff's Complaint, call for a legal conclusion and, therefore, no response is required. To the extent the allegations of Paragraph 87 do not contain a legal conclusion, Defendants deny the allegations contained in Paragraph 87 of Plaintiff's complaint and demand strict proof thereof.

88. Defendants deny the allegations set forth in Paragraph 88, incorrectly numbered Paragraph 100 of Plaintiff's Complaint, and demand strict proof thereof.

## TRIAL BY JURY

89. Defendants admit that Plaintiff have requested a trial by jury, however, Defendants deny that Plaintiff should be entitled to a jury trial as Defendants have not committed any violation of the FDCPA.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

90. Defendants incorporate all of their prior responses as if set forth specifically herein.

91. Defendants deny the allegations set forth in Paragraph 91, incorrectly numbered Paragraph 103 of Plaintiff's Complaint, and demand strict proof thereof.

92. Defendants deny the allegations set forth in Paragraph 92, incorrectly numbered Paragraph 104 of Plaintiff's Complaint, and demand strict proof thereof.

## PRAYER FOR RELIEF

In response to the prayer for relief, Defendants deny that Plaintiff is entitled to a judgment, to an award of actual damages, statutory damages, costs, attorney's fees, or any other relief whatsoever and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering his claims against PRA, Plaintiff's claims against PRA are subject to arbitration.

## SECOND DEFENSE

Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims relate to conduct taking place over a year before Plaintiff filed his complaint, they are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## FIFTH DEFENSE

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

## SIXTH DEFENSE

Plaintiff's claims are based on alleged violations of state law that are preempted by federal regulations or statutes, including, but not limited to, the National Bank Act.

## SEVENTH DEFENSE

The claims asserted by Plaintiff against Defendants are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of waiver, laches and unclean hands.

## NINTH DEFENSE

Plaintiff lacks standing.

## TENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## ELEVENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendants.

## TWELFTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendants had no responsibility or control and for which Defendants may not be held liable.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## FOURTEENTH DEFENSE

Any violation of the law, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## FIFTEENTH DEFENSE

Defendants affirmatively invoke and assert all defenses created by and under the Fair Debt Collection Practices Act, including that Plaintiff's claim is barred by the bona fide error

defense and that Defendants' conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

**RESERVATION OF DEFENSES**

Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 17th day of September, 2012.

                    *s/ R. Frank Springfield*
                    R. Frank Springfield (BPR # 025833)
                    Alan D. Leeth (BPR # 022358)

                    BURR & FORMAN LLP
                    420 North 20th Street, Suite 3400
                    Birmingham, Alabama 35203
                    Telephone: (205) 251-3000
                    Facsimile: (205) 458-5100
                    fspringf@burr.com
                    aleeth@burr.com

                    John Nefflen (BPR # 20226)

                    BURR & FORMAN, LLP
                    700 Two American Center
                    3102 West End Ave.
                    Nashville, TN 37203
                    Telephone: (615) 724-3237
                    Facsimile: (615) 724-3337
                    jnefflen@burr.com

                    Attorneys for Defendants
                    PORTFOLIO RECOVERY ASSOCIATES, LLC AND
                    ANITA BRAY

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 17th day of September, 2012:

Everett H. Mechem<br>
Mechem Law Firm, P.C.<br>
220 Broad Street, Suite 206<br>
Kingsport, TN 37660<br>
Telephone: (423) 207-1300<br>
Facsimile: (423) 370-1717<br>
everett@mechemlaw.com

           *s/ R. Frank Springfield*
           OF COUNSEL